JOURNAL ENTRY AND OPINION.
{¶ 1} Defendant Jerry Dedrick pleaded guilty to one count of felonious assault and one count of robbery. The court sentenced Dedrick to four years in prison, and Dedrick complains on appeal that the court did so without first considering whether, as a first-time offender, he should have been given the minimum sentence allowed by law.
 {¶ 2} If an offender has not previously served a prison term, the court must impose the shortest prison term permitted by law unless doing so would demean the seriousness of the offender's conduct or would not adequately protect the public from future crime by the offender or others. See R.C. 2929.14(B)(2). The court must state either of these findings on the record, although it need not state any reasons for making the findings. See State v. Edmonson (1999), 86 Ohio St.3d 324, syllabus.
 {¶ 3} During sentencing, the court stated, "[b]ut I do feel that in order to properly protect the public, and to punish you for the crime in this case, a prison term is appropriate. However, I will also acknowledge that this is your first offense."
 {¶ 4} In State v. Cvijetinovic, Cuyahoga App. No. 81534, 2003-Ohio-563, we noted that Edmonson "held that no talismanic or magic words are required when deciding to give the offender who had not previously served a prison term more than the minimum, but the court nonetheless has to make a finding on the point." Id. at ¶ 17.
 {¶ 5} The quoted portion of the court's sentencing remarks show that the court did not make an express finding relating to the imposition of a minimum sentence. By noting the need to protect the public and punish Dedrick, the court appeared to be invoking R.C. 2929.11(A), which states the overriding purposes of felony sentencing are "to protect the public from future crime by the offender and others and to punish the offender." That code section, like the court's sentencing, says nothing about imposing the minimum sentence. We are compelled to find that the court erred by failing to make the findings necessary for not imposing a minimum sentence. The assigned error is sustained.
Reversed and remanded for resentencing.
TIMOTHY E. McMONAGLE, J., concurs.
ANTHONY O. CALABRESE, JR., J., dissents with separate opinion.